**ORIGINAL**

## Note

**NOTICE: THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT.**

| May 15, 2017 | Clearwater | FL |
|---|---|---|
| *(Date)* | *(City)* | *(State)* |

211 River Rd
Eliot, ME 03903
*(Property Address)*

1. **Borrower's Promise to Pay.** In return for a loan that I have received, I promise to pay U.S. $234,486.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Freedom Mortgage Corporation

   I will make all payments under this Note in the form of cash, check or money order.

   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **Interest.** Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 3.875%.

   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **Payments.**

   **(A) Time and Place of Payments.** I will pay principal and interest by making a payment every month.

   I will make my monthly payment on the 1st day of each month beginning on July 1, 2017. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on June 1, 2047, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

   I will make my monthly payments at 10500 Kincaid Dr, Suite 300, Fishers, IN 46037
   or at a different place if required by the Note Holder.

   **(B) Amount of Monthly Payments.** My monthly payment will be in the amount of U.S. $ 1,102.65

4. **Borrower's Right to Prepay.** The Borrower shall have the right to prepay at any time, without premium or fee, the entire indebtedness or any part thereof not less than the amount of one installment, or $100.00, whichever is less. Any Prepayment in full of the indebtedness shall be credited on the date received, and no interest may be charged thereafter. Any partial Prepayment made on other than an installment due date need not be credited until the next following installment due date or 30 days after such Prepayment, whichever is earlier.

5. **Loan Charges.** If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT-Veterans Affairs
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

Form 3200 1/01
Amended 4/16
VMP5G (1604).00
Page 1 of 4

EXHIBIT B

make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6. **Borrower's Failure to Pay as Required.**

   (A) **Late Charge for Overdue Payments.** If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 4.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

   (B) **Default.** If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

   (C) **Notice of Default.** If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

   (D) **No Waiver By Note Holder.** Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

   (E) **Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. **Giving of Notices.** Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

   Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8. **Obligations of Persons Under this Note.** If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. **Waivers.** I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10. **Allonge to this Note.** If an allonge providing for payment adjustments or for any other supplemental information is executed by the Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

    ☐ Graduated Payment Allonge    ☐ Other [Specify]    ☐ Other [Specify]

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT-Veterans Affairs
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

Form 3200 1/01
Amended 4/16
VMP5G (1604).00
Page 2 of 4

11. **Uniform Secured Note.** This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

> If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.
>
> If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.
>
> TRANSFER OF THE PROPERTY: This loan may be declared immediately due and payable upon transfer of the Property securing such loan to any transferee, unless the acceptability of the assumption of the loan is established pursuant to Section 3714 of Chapter 37, Title 38, United States Code.
>
> An authorized transfer ("assumption") of the property shall also be subject to additional covenants and agreements as set forth below:
>
> **(a) ASSUMPTION FUNDING FEE:** A fee [as specified in the Security Instrument] shall be payable at the time of transfer to the loan holder or its authorized agent, as trustee for the Department of Veterans Affairs. If the assumer fails to pay this fee at the time of transfer, the fee shall constitute an additional debt to that already secured by this instrument, shall bear interest at the rate herein provided, and, at the option of the payee of the indebtedness hereby secured or any transferee thereof, shall be immediately due and payable. This fee is automatically waived if the assumer is exempt under the provisions of 38 U.S.C. 3729.
>
> **(b) ASSUMPTION PROCESSING CHARGE:** Upon application for approval to allow assumption of this loan, a processing fee may be charged by the loan holder or its authorized agent for determining the creditworthiness of the assumer and subsequently revising the holder's ownership records when an approved transfer is completed. The amount of this charge shall not exceed the maximum established by the Department of Veterans Affairs for a loan to which Section 3714 of Chapter 37, Title 38, United States Code applies.
>
> **(c) ASSUMPTION INDEMNITY LIABILITY:** If this obligation is assumed, then the assumer hereby agrees to assume all of the obligations of the veteran under the terms of the instruments creating and securing the loan. The assumer further agrees to indemnify the Department of Veterans Affairs to the extent of any claim payment arising from the guaranty or insurance of the indebtedness created by this instrument.

The regulations (38 C.F.R. Part 36) issued under the Department of Veterans Affairs ("VA") Guaranteed Loan Authority (38 U.S.C. Chapter 37) and in effect on the date of loan closing and thereafter shall govern the rights, duties and liabilities of the parties to this loan and any provisions of this Note which are inconsistent with such regulations are hereby amended and supplemented to conform thereto.

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT-Veterans Affairs
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

Form 3200 1/01
Amended 4/16
VMP5G (1604).00
Page 3 of 4

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)  _____ (Seal)
John A Lippincott          -Borrower                              -Borrower

_____ (Seal)  _____ (Seal)
                           -Borrower                              -Borrower

[Sign Original Only]

☐ Refer to the attached *Signature Addendum* for additional parties and signatures.

**Loan Origination Organization:** Peoples Bank & Trust Company
**NMLS ID:** 412564
**Loan Originator:** Arthur John Gill Jr
**NMLS ID:** 1458448

MULTISTATE FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT-Veterans Affairs
Bankers Systems™ VMP ®
Wolters Kluwer Financial Services

Form 3200 1/01
Amended 4/16
VMP5G (1604).00
Page 4 of 4

Pay to the order of

_____
without recourse this ____ day of _____ 20 ___
Freedom Mortgage Corporation

_____
Stanley C. Middleman
President/Chief Executive Officer