UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN A. LIPPINCOTT et al.,<br><br>        Defendants,<br><br>RIVERVIEW HOMEOWNERS ASSOCIATION, INC,<br><br>        Party-in-Interest. | )<br>)<br>)<br>)<br>)<br>)  Docket No. 2:19-cv-00171-JAW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER ON MOTION TO CONTINUE
AND ORDER TO SHOW CAUSE**

On April 23, 2019, Freedom Mortgage Corporation (FMC) filed a complaint for foreclosure against John A. Lippincott and Maine Revenue Services (MRS). *Compl.* (ECF No. 1). On April 25, 2019, FMC served Mr. Lippincott and on April 30, 2019, FMC served MRS. *Proof of Service* (ECF No. 7); *Proof of Service* (ECF No. 8). On May 15, 2019, MRS filed its answer. *Answer* (ECF No. 9). On June 17, 2019, FMC filed a motion for entry of default as to Mr. Lippincott. *Pl.'s Mot. for Entry of Default as to John A. Lippincott* (ECF No. 10). The Deputy Clerk of Court granted the entry of default that same day. *Order Granting Mot. for Entry of Default* (ECF No. 11).

On July 16, 2019, FMC filed a motion to amend its complaint to add Marion B. Lippincott as a defendant and Riverview Homeowners Association, Inc. (RHA) as a party-in-interest; MRS and RHA consented to the motion. *Consented Mot. to Amend*

*Compl.* (ECF No. 12).  On July 17, 2019, FMC filed a motion to continue the deadline for filing a motion for default judgment against Mr. Lippincott.  *Mot. to Continue* (ECF No. 13).  On July 18, 2019, the Magistrate Judge granted the motions to amend and to continue.  *Order Granting Mot. to Amend Compl.* (ECF No. 14); *Order Granting Mot. to Continue Deadline to Req. Default J.* (ECF No. 15).  That same day, FMC filed its amended complaint.  *Am. Compl.* (ECF No. 16).  FMC served Ms. Lippincott on July 25, 2019, and served RHA on July 31, 2019.  *Proof of Service* (ECF No. 18); *Aff. of Service* (ECF No. 20).  MRS answered the amended complaint on August 12, 2019, and RHA answered on August 21, 2019.  *State of Maine, Maine Revenue Services's Answer to Am. Compl.* (ECF No. 19); *Answer* (ECF No. 22).

On September 16, 2019, FMC filed a motion for entry of default as to Ms. Lippincott.  *Pl.'s Mot. for Entry of Default as to Marian B. Lippincott* (ECF No. 24).  The Deputy Clerk of Court granted the motion that same day.  *Order Granting Mot. for Entry of Default* (ECF No. 25).  On November 12, 2019, FMC filed a motion for default judgment as to Mr. and Ms. Lippincott.  *Pl.'s Mot. for Default J. as to John A. Lippincott and Marian B. Lippincott* (ECF No. 26).  On February 24, 2020, the Court issued an order on FMC's motion for default judgment, reserving ruling on the motion but scheduling a damages hearing.  *Order on Pl.'s Mot. for Default J.* (ECF No. 28).  On March 10, 2020, FMC filed a motion to continue the damages hearing due to the COVID-19 pandemic.  *Mot. to Continue* (ECF No. 31).  The Court granted the motion to continue on March 16, 2020.  *Order Granting Mot. to Continue Damages Hr'g* (ECF No. 32).

On April 13, 2020, in light of the COVID-19 pandemic, the Court issued a procedural order, allowing FMC to proceed to default judgment by submitting documentary evidence that would demonstrate it was entitled to foreclosure rather than requiring a formal default hearing. *Foreclosure Procedural Order Authorizing Pl. to Seek Default J. on Documentary Evid.* (ECF No. 33). The procedural order set deadlines for FMC to proceed with the pending motion for default judgment. *Id.* Now before the Court is FMC's first motion to continue by sixty days the deadline to proceed with default judgment set by the procedural order. *Mot. to Continue Procedural Order Deadline by Sixty (60) Days* (ECF No. 34). The Court GRANTS FMC's motion to continue.

Despite granting the motion to continue, the Court issues this Order to Show Cause why the motion for default judgment should not be dismissed without prejudice. The motion for default judgment has now been pending for nearly eight months and the Court does not encourage stale motions to linger on the docket. If FMC takes the full sixty days of continuance, the motion will have been pending for nearly ten months. The presence of an unacted upon motion on the court docket invites mistake and absorbs clerical and judicial time to keep track of its presence. There may be a special reason in this case that the Court should not dismiss the motion for entry of default judgment without prejudice and if there is, the Court invites FMC to say so. If the Court dismisses the pending motion for default judgment, it will be without prejudice, so that FMC will be free to refile its motion for

default judgment on, or after, September 11, 2020.  FMC shall respond to this Order to Show Cause within twenty-one days of the date of this Order.

To avoid a potential complication that is apparent on the face of the Complaint, the Court also notes that FMC does not demand a sale in the amended complaint. *See* 14 M.R.S.A. § 6321 (stating that a foreclosure complaint must "demand a foreclosure and sale").  At present, FMC's amended complaint only demands a foreclosure.  *See Am. Compl.* ¶ 30 ("By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate").  Notwithstanding the sixty-day period of continuance, the Court ORDERS FMC within twenty-one days of the date of this Order to file a response with the Court explaining why this error does not require amendment or how it intends to cure this apparent defect.

If FMC elects to amend its complaint, the Court directs its attention to *TD Banknorth, N.A. v. Hawkins*, 2010 ME 104, ¶22, 5 A.3d 1042, in which the Maine Supreme Judicial Court held that "when a complaint is amended, any default on the initial complaint, even as to claims unaltered by the amendment, must be set aside and the defendant be given an opportunity to respond to the amended complaint . . .."  Additionally, the Law Court stated in dicta that several of the United States District Court opinions on which it relied "support the proposition that an amended complaint replaces the initial complaint, and therefore voids any default entered on the initial complaint, without regard to the nature or extent of the amendments." *Id.* ¶ 21.

As it is on a procedural issue, the *TD Banknorth* ruling is not binding on this Court.  *See In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 235 F.R.D. 127,

4

133 n.13 (D. Me. 2006) (stating that "[i]t is now clearly established that the Federal Rules of Civil Procedure . . . are to be applied by the federal court [in diversity cases], even if there is a conflicting state requirement and even if the application of the federal Rule might determine the outcome of the case" (some alterations in original) (quoting ERWIN CHEMERINSKY, FEDERAL JURISDICTION § 5.3, at 317–18 (4th ed. 2003))). The Court has not found a First Circuit ruling on this issue; however, the Law Court in *TD Banknorth* cites a collection of federal district court cases in support of its holding, 2010 ME 104, ¶ 19-21, and the *TD Banknorth* decision has been cited favorably in the Districts of Maine, *see Arayos LLC v. Sydkal Inc.*, 1:14-CV-00060-NT, 2014 WL 12772198, at *1 (D. Me. Aug. 11, 2014), and New Hampshire. *See S.E.C. v. Boey*, No. 1:07-CV-00039-SM, 2013 WL 1775444, at *1 (D.N.H. Apr. 25, 2013).

One possible impact of *TD Banknorth* is that the Court should dismiss FMC's motion for default judgment and FMC should serve its amended complaint, let the time for answering the amended complaint fully run, and, if the defendants do not respond, file a new entry of default and motion for default judgment once the currently defaulted parties have defaulted anew. Another possible interpretation is that technical alterations of a complaint which make no substantive changes, such as the alterations at issue here, do not invalidate a previously-entered default. Absent objection, the Court will follow the first interpretation.[1] To the extent FMC objects,

---

[1] The Court also notes that, under this interpretation, Mr. Lippincott has not yet been defaulted as to the amended complaint, which included a new party-in-interest and therefore arguably had a substantive effect on the claim against him. If this is the case, then Mr. Lippincott is not a properly defaulted party and a motion for default judgment against him is improper. If FMC decides not to amend its complaint, it should include in its response to the Court's order to show cause an explanation for why the default against Mr. Lippincott stands as against the amended complaint.

the Court ORDERS FMC to file a motion explaining why the latter interpretation applies to this case within twenty-one days of this Order.  Finally, the Court also ORDERS FMC to state its position about whether it can take any action on the apparent flaw in the Complaint during the next sixty days, given the continuance and its stated bases for the sixty-day continuance, and, if FMC takes the position that it can do nothing about the potential flaw in the Complaint, how it intends to proceed in light of the apparent flaw.

    SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 9th day of July, 2020